UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVOOD KHADEMI, | No. 2:21-cv-0902 WBS KJN P |
| Petitioner, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| KELLY SANTORO, Warden, | |
| Respondent.[1] | |

I. <u>Introduction</u>

Petitioner is a state prisoner, proceeding through counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This proceeding was referred to this court by Local Rule 302 under 28 U.S.C. § 636(b)(1). Respondent moves to dismiss this action as premature because petitioner's direct appeal is pending in the California Court of Appeal. Petitioner opposes the motion. For the reasons stated below, respondent's motion should be granted, petitioner's subsequently-filed motions should be denied, and this action should be dismissed without prejudice.

////

---

[1] The current Warden of North Kern State Prison, where petitioner is presently housed, is substituted as respondent in this matter. Fed. R. Civ. P. 25(d); see <u>Brittingham v. United States</u>, 982 F.2d 378, 379 (9th Cir. 1992).

II. Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ." Id.; see also White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (Rule 4 permits meritorious motions to dismiss). In addition, the Advisory Committee Notes to Rule 8 of the Rules Governing Section 2254 Cases indicate that the court may dismiss a petition for writ of habeas corpus: on its own motion under Rule 4; pursuant to the respondent's motion to dismiss; or after an answer to the petition has been filed. See, e.g., Miles v. Schwarzenegger, No. 2:07-cv-1360 LKK EFB, 2008 WL 3244143, at *1 (E.D. Cal. Aug. 7, 2008) (dismissing habeas petition pursuant to respondent's motion to dismiss for failure to state a claim). Accordingly, the court reviews respondent's motion to dismiss pursuant to its authority under Rule 4.

    A. Background

Petitioner was convicted in the Placer County Superior Court for assault with a deadly weapon. (ECF No. 29-1.) Petitioner violated probation, and on April 27, 2021, was sentenced to a determinate state prison term of two years. (ECF No. 29-2.)

Petitioner appealed his sentence on May 6, 2021. (ECF No. 23-1.) His appeal was still pending on July 16, 2021, when respondent filed the motion to dismiss.[2] (ECF No. 23-1 at 3.)

Petitioner commenced this action on May 19, 2021.

    B. Discussion

It is premature for this court to review petitioner's collateral attack on his conviction before the state court has the opportunity to adjudicate petitioner's claims raised on direct appeal. See Younger v. Harris, 401 U.S. 37 (1971). Under Younger, federal courts may not enjoin

---

[2] Respondent requests the court take judicial notice of the state appellate court's website. (ECF No. 23 at 1 n.2.) The court may take judicial notice of facts that are "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b), including undisputed information posted on official websites. Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir. 2010). It is appropriate to take judicial notice of the docket sheet of a California court. White v. Martel, 601 F.3d 882, 885 (9th Cir. 2010). The address of the official website of the California state courts is: www.courts.ca.gov. Respondent's request is granted.

pending state criminal proceedings except under extraordinary circumstances. Id. at 49, 53. Younger abstention prevents a court from exercising jurisdiction when three criteria are met: 1) there are ongoing state judicial proceedings; 2) an important state interest is involved; and 3) there is an adequate opportunity to raise the federal question at issue in the state proceedings. H.C. ex rel. Gordon v. Koppel, 203 F.3d 610, 613 (9th Cir. 2000).

A petitioner must await the outcome of the state appellate proceeding "even where the issue to be challenged in the writ of habeas corpus has been finally settled in the state courts." Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983). This requirement is because "the pending appeal may result in reversal of the petitioner's conviction on some other ground," thus "mooting the federal question." Id. "When a case falls within the proscription of Younger, a district court must dismiss the federal action." Fresh Int'l Corp. v. Agricultural Labor Relations Bd., 805 F.2d 1353, 1356 (9th Cir. 1986) (citing Juidice v. Vail, 430 U.S. 327, 337 (1977)).

Here, because petitioner's criminal appeal remains pending, this court should abstain from addressing the instant petition. Under the first prong of the Younger test, pendency of the state proceedings is determined at the time the federal petition is filed. Mission Oaks Mobile Home Park v. City of Hollister, 989 F.2d 359, 360-61 (9th Cir. 1993), overruled on other grounds by Green v. City of Tucson, 255 F.3d 1086, 1093 (9th Cir. 2001); Beltran v. California, 871 F.2d 777, 781 (9th Cir. 1988). State proceedings are ongoing if appellate remedies have not been exhausted. Huffman v. Pursue Ltd., 420 U.S. 592, 608-09 (1975). Appellate court records confirm that state proceedings are pending in petitioner's criminal case because the state court has not yet ruled on the petitioner's appeal.

Second, the state has an important interest in protection of the public and in the fair adjudication of petitioner's criminal charges. See Koerner v. Grigas, 328 F.3d 1039, 1046 (9th Cir. 2003) (citing Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curium)) (The state has an important interest in passing upon and correcting violations of a defendant's rights.)

Third, the California state courts provide an adequate forum in which petitioner may pursue his claims. See Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 15 (1987) ("[A] federal court should assume that state procedures will afford an adequate remedy, in the absence of

unambiguous authority to the contrary."). Petitioner has an adequate opportunity to raise the constitutional issues underlying his conviction in a habeas petition if his conviction is affirmed on appeal.[3] Thus, the undersigned cannot find that extraordinary circumstances warrant intervention by this court.

Accordingly, the undersigned concludes that the Younger doctrine requires dismissal of this action without prejudice. See Beltran v. California, 871 F.2d 777, 782 (9th Cir. 1988) ("Where Younger abstention is appropriate, a district court cannot refuse to abstain, retain jurisdiction over the action, and render a decision on the merits after the state proceedings have ended. To the contrary, Younger abstention requires *dismissal* of the federal action." (Citations omitted.)).

III. Petitioner's Motions

On July 6, 2021, petitioner filed a motion for relief under 28 U.S.C. § 2255. However, such relief is only available to federal prisoners, not prisoners serving a sentence imposed by a California court. 28 U.S.C. § 2254(a). Petitioner's motion is denied.

Subsequently, petitioner filed motions to compel discovery, to expand the record, and for transcripts. However, because this court must abstain under Younger, such motions are denied without prejudice.

III. Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. Respondent's request for judicial notice (ECF No. 23 at 1) is granted;

2. Petitioner's motion (ECF No. 15) is denied; and

3. Petitioner's motions (ECF Nos. 20, 26, 27) are denied without prejudice.

Further, IT IS RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 23) be granted; and

---

[3] Petitioner is cautioned that the habeas corpus statute imposes a one-year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

    2. This action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 20, 2021

_(signature)_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/khad0902.mtd.younger