UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVOOD KHADEMI,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>KELLY SANTORO, Warden,<br><br>　　　　Respondent. | No. 2:21-cv-0902 WBS KJN P<br><br><br>ORDER |

Petitioner is a state prisoner, proceeding pro se.  Two motions filed by petitioner are pending.  As discussed below, petitioner's motions are denied.

I. Motion for Recusal

Petitioner objects that this case was randomly assigned to the undersigned despite petitioner never consenting to the jurisdiction of the magistrate judge.  (ECF No. 41.)  The nature of petitioner's objections is not clear; he contends that the undersigned "failed to disclose evidence to the defense," "several times failed to provide actual evidence instead involved in conspiracy," and made two names for petitioner by switching petitioner's first and last names. (ECF No. 41.)  Petitioner states he has no friends or relatives here in California.

////

////

////

1

    A.  <u>Legal Standards</u>

Federal law provides that a party may seek recusal of a judge based on bias or prejudice.

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144.

       The standard for recusal under 28 U.S.C. § 144 is "'whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" <u>Mayes v. Leipziger</u>, 729 F.2d 605, 607 (9th Cir. 1984) (quoting <u>United States v. Nelson</u>, 718 F.2d 315, 321 (9th Cir. 1983)).  To provide adequate grounds for recusal, the prejudice must result from an extrajudicial source because a judge's previous adverse ruling alone is not sufficient for recusal.  See <u>id.</u>

       Section 144 expressly conditions relief upon the filing of a timely and legally sufficient affidavit.  A judge who finds the affidavit legally sufficient must proceed no further under Section 144 and must assign a different judge to hear the matter.  See 28 U.S.C. § 144; <u>United States v. Sibla</u>, 624 F.2d 864, 867 (9th Cir. 1980).  Nevertheless, where the affidavit is not legally sufficient, the judge at whom the motion is directed can determine the matter.  See <u>United States v. Scholl</u>, 166 F.3d 964, 977 (9th Cir. 1999) (citing <u>Toth v. Trans World Airlines, Inc.</u>, 862 F.2d 1381, 1388 (9th Cir. 1988) (holding that only after determining the legal sufficiency of a Section 144 affidavit is a judge obligated to reassign decision on merits to another judge)).  If the affidavit is legally insufficient, then recusal can be denied.  See <u>United States v. $292,888.04 in U.S. Currency</u>, 54 F.3d 564, 566 (9th Cir. 1995).

////

B. <u>Discussion</u>

Initially, petitioner is advised that this matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. Such reference, authorized by Local Rule, is not proper grounds for disqualification. Further, petitioner's request is substantively insufficient under Section 144 because it fails to allege facts that would support the contention that the undersigned has exhibited bias or prejudice directed towards petitioner from an extrajudicial source. See <u>Sibla</u> 624 F.2d at 868 ("An affidavit filed pursuant to [Section 144] is not legally sufficient unless it specifically alleges facts that fairly support the contention that the judge exhibits bias or prejudice directed toward a party that stems from an extrajudicial source."). Petitioner's conclusory references to conspiracy or "affiliation with some organizations," are insufficient to demonstrate such bias or prejudice from an extrajudicial source. To the extent petitioner disagrees with the undersigned's rulings, the United States Supreme Court has noted, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." <u>Liteky v. United States</u>, 510 U.S. 540, 555 (1994). Instead, the judicial rulings are a basis for appeal, not recusal. See <u>id.</u> ("In and of themselves . . . [judicial rulings] cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal."); <u>Leslie v. Grupo ICA</u>, 198 F.3d 1152, 1160 (9th Cir. 1999) ("Leslie's allegations stem entirely from the district judge's adverse rulings. That is not an adequate basis for recusal.") (citations omitted).

Therefore, petitioner's motion to recuse the undersigned is denied.

II. <u>Motion to Consolidate Cases</u>

Petitioner also filed a motion to consolidate cases. Petitioner recounts his exhaustion of state court remedies, and then lists several civil rights cases filed in the Eastern District of California. Petitioner is informed that is inappropriate to relate a habeas petition to a civil rights complaint because, *inter alia*, each action seeks different relief. If petitioner believes one or more of his civil rights actions should be consolidated, he must file such motion in each such civil

rights actions.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to disqualify (ECF No. 41) is denied; and

2. Petitioner's motion to consolidate (ECF No. 37) is denied without prejudice.

Dated:  October 13, 2021

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/khad0902.recu